## STATE *v.* SHERBURNE.

On an indictment for resisting a sheriff, unnecessarily described as "legally appointed and duly qualified," his legal appointment and due qualifications must be proved.

INDICTMENT, for resisting and obstructing Edwin Judkins, sheriff of the county, in the service of a criminal process. The indictment alleged that he was "legally appointed and duly qualified to discharge the duties of his said office." The proof was, that he was acting sheriff of the county. The respondent moved to be discharged because the allegation was not proved. The motion was denied, and he excepted. The jury returned a verdict of guilty.

*Mugridge* and *A. F. L. Norris*, for the respondent.

*Greene*, solicitor, for the state.

SMITH, J. The averment, that the respondent resisted and obstructed a sheriff legally appointed and duly qualified to discharge the duties of his office, is descriptive of matter material to be charged, and cannot be rejected as surplusage, but must be proved as charged. *State* v. *Copp*, 15 N. H. 212; *State* v. *Langley*, 34 N. H. 529. If the words "legally appointed and duly qualified to discharge the duties of his said office" had been omitted, the indictment would have been sufficient. *State* v. *Copp*, 15 N. H. 212, 216. Where there is unnecessary particularity in the description of whatever is necessary to be mentioned, all the particulars of the description must be proved, because they are made essential to the identity. A familiar example given in the text-books is that of an indictment for stealing a *black* horse. The animal is necessarily mentioned, but the color need not be stated: yet if stated, it is made descriptive of the particular animal stolen, and a variance in the proof of the color is fatal. 1 Gr. Ev., *s.* 65; 1 Stark. Ev. 374. But where the time, place, person, or other circumstances are not descriptive of the fact or degree of the crime, nor material to the jurisdiction, a discrepancy between the allegation and the proof is not a variance. 1 Gr. Ev., *s.* 65. The gist of this offence was resisting and obstructing an officer, and it was material and therefore necessary to aver that the respondent resisted and obstructed Judkins as a sheriff in the performance of the duties of his office. The further allegation, that he was legally appointed and duly qualified, although unnecessary to be alleged, was descriptive of a matter material to be charged, and therefore necessary to be proved.

*A new trial granted.*

BINGHAM, J., did not sit: the others concurred.